The STATE of Ohio, Appellee,

v.

PATTON, Appellant.

[Cite as *State v. Patton* (1991), 74 Ohio App.3d 224.]

Court of Appeals of Ohio,
Union County.

No. 14-90-5.

Decided May 22, 1991.

*R. Larry Schneider,* Prosecuting Attorney, and *John Heinkel,* Assistant Prosecuting Attorney, for appellee.

*Frank Smith,* for appellant.

SHAW, Judge.

Defendant, Jerry Patton, appeals from a judgment of conviction and sentence entered in the Court of Common Pleas of Union County upon the return of a jury verdict finding him guilty of two counts of rape in violation of R.C. 2907.02(A)(1). Prior to his conviction, the defendant was employed as a corrections officer at the Ohio Reformatory for Women. The charges in this case stem from two occasions wherein defendant engaged in sexual conduct with an inmate of the reformatory. Defendant assigns four errors to the judgment of the trial court. For the reasons that follow, the judgment is affirmed.

In his first assignment, the defendant contends that the trial court erred in refusing to give a requested jury instruction regarding the lesser included offense of sexual battery as defined at R.C. 2907.03(A)(1).

R.C. 2945.74 provides in pertinent part:

" * * * When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense. * * *" See, also, Crim.R. 31(C).

In *State v. Kidder* (1987), 32 Ohio St.3d 279, 282–283, 513 N.E.2d 311, 315–316, the Supreme Court of Ohio summarized the previously established two-step lesser-included-offense analysis, for purposes of R.C. 2945.74, as follows:

" * * * [A]n offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. Even though so defined, a charge on the lesser included offense is not required, unless the trier of fact could reasonably reject an affirmative defense and could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon the lesser included offense." See, also, *State v. Kuchmak* (1953), 159 Ohio St. 363, 366–367, 50 O.O. 327, 328–329, 112 N.E.2d 371, 372–373.

With respect to the first step of the analysis, the court in, *State v. Wilkins* (1980), 64 Ohio St.2d 382, 387, 18 O.O.3d 528, 531, 415 N.E.2d 303, 307, addressed the question of when sexual battery may be considered as a lesser included offense of rape and concluded that " * * * sexual battery, as defined in R.C. 2907.03(A)(1), may be a lesser included offense of rape as defined in R.C. 2907.02(A)(1) where force is present." Nevertheless, as pertains to the second step of the two-step lesser-included-offense analysis, the Supreme Court of Ohio has repeatedly cautioned that "[t]he mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses where the greater offense is charged." *Id.* at 387, 18 O.O.3d at 531, 415 N.E.2d at 307. See, also, *State v. Kidder, supra,* at 281–282, 513 N.E.2d at 314–315, and *State v. Davis* (1983), 6 Ohio St.3d 91, 95, 6 OBR 131, 133, 451 N.E.2d 772, 775. In short, the instruction on the lesser included offense is required only if " * * * under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense." *Wilkins, supra,* at 388, 18 O.O.3d at 531, 415 N.E.2d at 308.

 In the case before us, given the evidence presented and construing it most favorably to defendant, we conclude that the jury could not have found

defendant not guilty of rape and guilty of sexual battery. We first note that the defendant neither testified nor presented any witnesses in his behalf. Thus, there is no clear indication in the record of defendant's version of the events.

To substantiate his claim on appeal that the jury could have found that defendant acted knowingly as opposed to purposely, defendant points to the testimony of the victim that prior to the first rape she "liked" the defendant and had joked with him on occasion. Defendant also directs our attention to the victim's testimony that defendant asked the victim during the second rape whether she was enjoying the sexual activity.

It is defendant's argument that upon this evidence, the jury could have concluded that defendant had a subjective belief that there was consent where there was in fact none. We are not persuaded by this argument. Specifically, we do not find that upon the evidence presented, the jury could have reasonably concluded that defendant entertained a subjective belief that the victim had consented to the sexual conduct.

First, the record reflects that the incidents of "joking" between the victim and defendant were of a non-sexual nature. Moreover, the first incident of sexual contact between defendant and the victim involved the defendant going into the victim's room, pinning her to the bed with his arms and knees, grabbing the victim by her hair and forcing her to engage in fellatio. The victim testified that she strenuously struggled to remove the defendant's penis from her mouth, but that the defendant continued to pull her hair and reinsert his penis.

As pertains to the second incident, the record reflects that defendant entered the victim's room whereupon he struck the victim on the head and she lost consciousness. When the victim regained consciousness, she found the defendant having sexual intercourse with her. Defendant then grabbed the victim by the hair and forced her to have fellatio until he ejaculated onto the victim's upper body.

With respect to both incidents, much of the testimony elicited from the victim was corroborated by the testimony of eyewitnesses who observed at least part of the events that transpired. Thus, the state's case as to both counts of rape indicates that force was clearly involved. Under these circumstances, the jury could have either disbelieved the prosecuting witness, as well as the other eyewitness accounts of the incidents, and acquitted the defendant, or the jury could have done as it did, and believed the state's version of the events and found defendant guilty of two counts of rape. We therefore conclude that the trial court did not err in refusing to charge the jury on the crime of sexual battery. Accordingly, the first assignment is overruled.

In his second assignment, the defendant contends that the trial court erred in refusing to allow the cross-examination of the victim as to her potential pecuniary interest in the outcome of the criminal prosecution. In support of this argument, defendant cites to paragraph three of the syllabus of *State v. Ferguson* (1983), 5 Ohio St.3d 160, 5 OBR 380, 450 N.E.2d 265, which reads as follows:

"An accused is permitted to cross-examine the prosecuting witness as to the witness' pending or contemplated civil action against the accused, in order to demonstrate any possible bias or prejudice arising out of the witness' financial interest in the outcome of the prosecution."

In *Ferguson*, the issue presented to that court was whether " * * * the trial court erred in refusing to allow cross-examination of the [rape] victim concerning the fact that she had consulted a law firm regarding bringing a civil action against appellee's former employer." *Id.* at 165, 5 OBR at 384, 450 N.E.2d at 269. The prosecutor in *Ferguson* objected to defense counsel cross-examining the victim concerning her knowledge of a certain law firm. Defendant's trial counsel then made an extensive proffer to the effect that the victim was contemplating a civil action against the defendant's former employer as a result of the incident between the defendant and the victim and further that the victim had consulted a law firm regarding a civil action.

The court in *Ferguson* concluded that the failure of the trial court to allow the testimony regarding the victim's civil action, either pending or contemplated against the defendant's former employer, was an abuse of discretion which required reversal of the conviction and a new trial. However, we read *Ferguson* as requiring more than a bald assertion that the trial court failed to allow testimony as to the prosecuting witness's pecuniary interest in the outcome of the criminal prosecution. Simply put, in order for reversible error to be predicated upon the failure to allow this type of impeachment testimony, there must be a question posed to the prosecuting witness and a proffer made establishing either that there is in fact a pending civil action or that the prosecuting witness has consulted an attorney or taken other affirmative steps in contemplation of a civil suit.

In the case before us, trial counsel asked the victim:

"Isn't it true that if Mr. Patton's convicted here today, that you would have a pretty good lawsuit against the State of Ohio."

The prosecutor's objection to this question was sustained by the trial court.

■ We first note that the question posed by defense counsel was objectionable in that it required the witness to state her opinion regarding a matter as to which she had no expertise. Specifically, instead of addressing the wit-

ness's pecuniary interest in the outcome of the criminal prosecution, the question required the witness to state her opinion as to whether she could legally maintain a civil cause of action against the defendant's former employer. Moreover, unlike the facts presented in *Ferguson,* in the case before us, trial counsel did not make a proffer establishing that either a lawsuit was pending or that the victim had taken any steps in contemplation of filing suit. For these reasons, we find no error as asserted by defendant and the assignment is overruled.

In his third assignment of error, the defendant contends that in contravention to Evid.R. 404(B), the trial court allowed testimony as to other acts of the defendant. Evid.R. 404(B) states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show that he acted in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The reference to other acts in this case is to several instances where witnesses testified as to the numerous salacious comments and remarks made by the defendant to the victim prior to the time of the first assault. The term "act" is defined, *inter alia,* as "[t]he process of doing something; action: * * * Something that is done or performed; deed * * *." Upon examination of the record, we are unable to conclude that the oral statements and comments made by defendant constitute the admission of "other acts" proscribed by Evid.R. 404(B). See, also, R.C. 2945.59.

However, the defendant's prior statements *were* properly admitted as evidence establishing his intent to engage in sexual conduct with the victim. Accordingly, the third assignment of error is overruled.

In the fourth assignment of error, the defendant contends that he was denied a fair trial by ineffective assistance of counsel. The standard for appellate review of a claim of ineffective assistance of counsel in Ohio is stated in *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155–156, 524 N.E.2d 476, 478–480, as follows:

"In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 301 [31 O.O.2d 567, 568, 209 N.E.2d 164, 166] * * *. The appellant bears the burden of proving that his trial counsel was ineffective. To carry this burden, appellant must show that counsel made errors so serious that counsel failed to function as the 'counsel' guaranteed by the Sixth Amendment. *Strickland v. Washington* (1984), 466 U.S. 668, 687 [104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693]. Appellant must also demonstrate

that the deficient performance prejudiced his defense. To establish prejudice, appellant must show that there is a reasonable probability that but for counsel's mistakes, the result of the trial would have been different. *Strickland, supra.*"

Defendant directs our attention to numerous instances wherein trial counsel was allegedly ineffective. We have reviewed the record and find that defendant's trial counsel successfully made several pre-trial motions *in limine* to prevent the presentation of certain evidence to the jury, moved for separation of the charges, and entered numerous objections during trial to the admission of certain evidence. We do not believe that the matters which defendant now raises constitute ineffective assistance of counsel. Specifically, we do not find that trial counsel failed to advocate or function as the "counsel" guaranteed by the Sixth Amendment. Accordingly, the fourth assignment is overruled.

Finding no error as assigned or argued, the judgment of conviction and sentence rendered in the Court of Common Pleas of Union County is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.