The STATE of Ohio, Appellee,

v.

SARGENT, Appellant.■

[Cite as *State v. Sargent* (1998), 126 Ohio App.3d 557.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA97–05–097.

Decided March 9, 1998.

558

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Dillon Sargent, appeals his convictions for aggravated arson in violation of R.C. 2909.02(A)(1) and felonious assault in violation of R.C. 2903.11(A)(2).

On October 2, 1996, at approximately 9:15 a.m., the Middletown Fire Department was called to extinguish a fire in a residence located at 1902 Baltimore Street in Middletown, Ohio. When fire fighters arrived on the scene, the home was extensively involved in fire, and it took approximately thirty to thirty-five minutes to control the fire. The residence was occupied by Helen Tarbox, who was renting the home at that time.

Tarbox testified that at approximately 9:00 a.m. on the morning of the fire, she was awakened from sleep by appellant, her former live-in boyfriend. Tarbox stated that appellant was "banging on the [back] door," demanding that she move a washing machine that was blocking the door and let him inside. When she arrived home from work earlier that morning, Tarbox had filled a washing machine with water and clothes and placed it in front of the back door in order to keep appellant from entering. According to Tarbox, she told appellant to go away and leave her alone because their relationship was over. When Tarbox

returned to her bedroom and reached for the telephone to call the police, she heard appellant's truck start and leave the premises.

Upon hearing appellant's truck start, Tarbox lay down on her bed for a few minutes and then got up and entered the bathroom, which is near the back door. Tarbox noticed a strange odor, looked out her bathroom window, and saw flames. Tarbox ran into her bedroom, called 911, and then ran out the front door of the home to a neighbor's house.

On December 17, 1996, appellant was indicted by the Butler County Grand Jury for aggravated arson and attempted murder in connection with the fire at Tarbox's residence. The indictment also alleged that appellant was a repeat violent offender. Following a jury trial, appellant was found guilty of aggravated arson and felonious assault.[1] The trial court subsequently held a hearing regarding appellant's status as a repeat violent offender, and on May 1, 1997, found appellant to be a repeat violent offender. The trial court sentenced appellant to ten years' incarceration for aggravated arson and eight years' imprisonment for felonious assault, to run concurrently. In addition, the trial court increased appellant's respective sentences by ten years based upon the court's determination that appellant was a repeat violent offender. Therefore, appellant was sentenced to twenty years' imprisonment for aggravated arson and eighteen years' imprisonment for felonious assault, to be served concurrently.

Appellant now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of defendant–appellant when it found that he was a repeat violent offender."

Assignment of Error No. 2:

"The trial court erred to the prejudice of defendant–appellant when it introduced certain documents into evidence at the repeat violent offender hearing."

Assignment of Error No. 3:

"The trial court erred to the prejudice of defendant–appellant when it found that the repeat violent offender statute was constitutional as it applied to Sargent."

Assignment of Error No. 4:

"The trial court erred to the prejudice of defendant–appellant when it allowed testimony regarding other acts to be admitted into evidence."

---

1. Felonious assault is a lesser included offense of attempted murder.

In his first assignment of error, appellant contends that the trial court erred by finding that he was a repeat violent offender ("RVO"). Appellant argues that he could not be classified as an RVO because he did not previously commit an act that is substantially similar to one of the crimes enumerated in R.C. 2929.01(EE)(2)(a)(i). Appellant also argues that because the crime upon which the trial court's RVO determination was based was committed while he was a juvenile, the state must bear the burden of proving that the juvenile court either relinquished its jurisdiction over him or made the requisite findings in accordance with R.C. 2929.01(EE)(2)(b).

R.C. 2929.01(EE) describes a "repeat violent offender" as a person who satisfies both of the following criteria:

"(1) The person has been convicted of or has pleaded guilty to, and is being sentenced for committing, for complicity in committing, or for an attempt to commit, aggravated murder, murder, involuntary manslaughter, a felony of the first degree other than one set forth in Chapter 2925. of the Revised Code, a felony of the first degree set forth in Chapter 2925. of the Revised Code that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person, or a felony of the second degree that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person.

"(2) Either of the following applies:

"(a) The person previously was convicted of or pleaded guilty to, and served a prison term for, any of the following:

"(i) Aggravated murder, murder, involuntary manslaughter, rape, felonious sexual penetration in violation of former section 2907.12 of the Revised Code, a felony of the first or second degree that resulted in the death of a person or in physical harm to a person, or complicity in or an attempt to commit any of those offenses;

"(ii) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense listed under division (EE)(2)(a)(i) of this section.

"(b) The person previously was adjudicated a delinquent child for committing an act that if committed by an adult would have been an offense listed in division (EE)(2)(a)(i) or (ii) of this section, the person was committed to the department of youth services for that delinquent act, and the juvenile court in which the person was adjudicated a delinquent child made a specific finding that the adjudication should be considered a conviction for purposes of a determination in the future pursuant to this chapter as to whether the person is a repeat violent offender."

Following a hearing on the matter, at which evidence and testimony were presented, the trial court determined that appellant was an RVO and sentenced him accordingly. The trial court's finding was based upon appellant's 1966 convictions in Kentucky for two counts of robbery for which appellant was sentenced to ten years in prison. The trial court found that appellant's Kentucky convictions for robbery were substantially equivalent to a conviction in Ohio for robbery pursuant to the provisions contained in R.C. 2911.02(A)(2), a second degree felony.[2]

The record indicates that in 1966, when appellant was approximately seventeen years old,[3] he was convicted of robbery in Laurel Circuit Court in Kentucky. The record indicates that appellant and a co-defendant either attempted or threatened to cause physical harm to several victims during the robberies.[4] The documents submitted at the RVO hearing indicate that although appellant was a juvenile when the offenses were committed, his case was "certified" to the Laurel Circuit Court.[5] The record further indicates that appellant was indicted by the Laurel County Grand Jury for armed robbery and that he subsequently pled guilty to reduced charges of robbery. Appellant was sentenced to ten years' imprisonment at the state reformatory in LaGrange, Kentucky.

After carefully reviewing the record of the RVO hearing and the documents and testimony presented, we find no error in the trial court's classification of appellant as an RVO. There is no question that appellant satisfied the first prong of the RVO classification in that he had been convicted of and was being sentenced for aggravated arson, a first degree felony involving an attempt to cause serious physical harm to another person. See R.C. 2929.01(EE)(1). In terms of the second prong which must be satisfied in order to classify a person as

---

**2.** R.C. 2911.02(A)(2) provides:

"No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

"* * *

"(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."

**3.** Appellant's date of birth is April 4, 1949.

**4.** The record indicates that a co-defendant robbed several service station attendants at gunpoint and forced them to drive to a remote location, where he was joined by appellant. Appellant and the co-defendant would then rob the victims, tie them up, and leave them in the remote location.

**5.** Apparently, at the time appellant was convicted in Kentucky, a juvenile court could transfer a juvenile case to a circuit court by "certification," thereby relinquishing its jurisdiction over the matter so as to permit grand jury action and the juvenile to be tried as an adult in circuit court. See *Benge v. Commonwealth* (Ky.App.1961), 346 S.W.2d 311, 312; *Brewer v. Commonwealth* (Ky.App.1955), 283 S.W.2d 702, 703; *Childers v. Commonwealth* (Ky.App.1951), 239 S.W.2d 255, 256.

an RVO, the record indicates that in 1966 appellant was convicted of robbery in Kentucky, a crime which is substantially similar to the provisions of R.C. 2911.02(A)(2), which describes robbery, a second degree felony. See R.C. 2929.01(EE)(2)(a)(ii). Therefore, the record supports the trial court's conclusion that appellant satisfied the conditions of R.C. 2929.01(EE) and was an RVO.

■ In addition, we find that the state presented sufficient evidence pursuant to which the trial court could find that the Kentucky juvenile court relinquished its jurisdiction over appellant and that appellant was tried and convicted as an adult in Laurel Circuit Court in Kentucky. Appellant's juvenile case was certified to the Laurel Circuit Court, he was indicted by the Laurel County Grand Jury, and following his guilty plea to reduced charges of robbery, was sentenced to ten years' imprisonment in a Kentucky state reformatory. Accordingly, appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends that the trial court erred by admitting Kentucky police reports into evidence at the RVO hearing. Appellant argues that while the police reports may be considered ancient documents in accordance with the Rules of Evidence, they were not properly authenticated so as to be admissible at the RVO hearing.

■ Generally, an out-of-court statement offered to prove the truth of the matter asserted constitutes hearsay and is not admissible at trial. Evid.R. 801(C) and 802. However, there are numerous exceptions to the hearsay rule that permit introduction of hearsay testimony or evidence. See Evid.R. 803 and 804. Evid.R. 803(16) recognizes an exception to the hearsay rule for certain ancient documents and provides that "[s]tatements in a document in existence twenty years or more the authenticity of which is established" are not excluded by the hearsay rule.

■ Documents are sufficiently authenticated so as to pass the threshold of admissibility if there is evidence introduced that is "sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). Evidence that an ancient document "(a) is in such condition as to create no suspicion concerning its authenticity, (b) was in a place where it, if authentic, would likely be, and (c) has been in existence twenty years or more at the time it is offered" is sufficient to authenticate the ancient document for admissibility purposes. Evid.R. 901(B)(8). Furthermore, as part of the authentication requirement, the burden is upon the state to establish the chain of custody of a particular item of evidence. *State v. Brown* (1995), 107 Ohio App.3d 194, 200, 668 N.E.2d 514, 517–518; *State v. Barzacchini* (1994), 96 Ohio App.3d 440, 458, 645 N.E.2d 137, 148–149. "The state's burden, however, is not absolute since '[t]he state need only establish that it is reasonably certain that substitution, alteration

or tampering did not occur.' " *Brown* at 200, 668 N.E.2d at 517, quoting *State v. Blevins* (1987), 36 Ohio App.3d 147, 150, 521 N.E.2d 1105, 1109.

■ The trial court has broad discretion in the admission and exclusion of evidence and absent a clear abuse of discretion, a reviewing court will not disturb the trial court's decision. *State v. Combs* (1991), 62 Ohio St.3d 278, 284, 581 N.E.2d 1071, 1077–1078; *State v. Finnerty* (1989), 45 Ohio St.3d 104, 109, 543 N.E.2d 1233, 1238.

At the RVO hearing, Timothy Payne, Fire Marshal for the Middletown Division of Fire, testified concerning indictments and police reports that he requested from the Kentucky State Police regarding appellant's 1966 convictions in Kentucky for robbery. Payne stated that he contacted the Kentucky State Police Repository in Frankfort, Kentucky, to request certified copies of indictment charges against appellant and the underlying Kentucky police reports concerning the indictments. Payne stated that he spoke with Diane Smith of the Kentucky State Police Repository, requested the information, and subsequently received certified copies of the indictments, as well as copies of the police reports, by certified mail, return receipt requested.[6]

■ The police reports are ancient documents as defined by Evid.R. 803(16), as they are more than twenty years old.[7] We further find that the Kentucky police reports were properly authenticated and admitted into evidence as ancient documents. See Evid.R. 803(16) and Evid.R. 901(B)(8). The condition of the police reports does not raise any suspicion with respect to their authenticity, as they were recovered from the Kentucky State Police Repository, a place where they would likely be if authentic, and they have been in existence for at least twenty years. See Evid.R. 901(B)(8). In addition, the state presented sufficient evidence regarding the chain of custody of the police reports so as to negate the possibility that the documents were altered. See *Brown*, 107 Ohio App.3d at 200, 668 N.E.2d at 517–518. Appellant's second assignment of error is overruled.

In his third assignment of error, appellant contends that the trial court erred by finding that the repeat violent offender statute was constitutional as it applied to him. Appellant argues that for predicate offenses committed prior to July 1,

---

6. On July 3, 1997, the court, prosecutor, and defense counsel agreed on the record that the original certified copies of the Kentucky indictments against appellant and the original copies of the Kentucky police reports which were admitted at the RVO hearing were misplaced or lost subsequent to the trial of this matter. Therefore, exact duplicates of those documents were marked in the same manner as they were at the RVO hearing and placed in the record for purposes of this appeal.

7. Each of the police reports are dated with specific dates: 1965, 1966, 1967, and 1968.

1996, the RVO statute violates the Double Jeopardy and *Ex Post Facto* Clauses of the United States and Ohio Constitutions.

The trial court sentenced appellant to ten years' imprisonment and eight years' imprisonment for aggravated arson and felonious assault respectively, the maximum prison sentence permitted by statute for those offenses. See R.C. 2929.14(A)(1) and (2). Following its determination that appellant was an RVO, the trial court increased each respective sentence by ten years. R.C. 2929.14(D)(2)(b)(i) and (ii) permit a court to impose an additional prison term of one to ten years upon an offender who the court has determined is an RVO if the court finds that the maximum prison term authorized by R.C. 2929.14(A) is "inadequate to punish the offender and protect the public from future crime" and is "demeaning to the seriousness of the offense."

■■■ The Double Jeopardy Clauses of the Ohio and United States Constitutions protect an accused from multiple criminal prosecutions and punishments for the same offense. The Fifth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution; *Hudson v. United States* (1997), 522 U.S. 93, ——, 118 S.Ct. 488, 493, 139 L.Ed.2d 450, 458–459; *State v. Gustafson* (1996), 76 Ohio St.3d 425, 435, 668 N.E.2d 435, 443. A statute which permits a court to enhance the penalty for a subsequent crime based upon the offender's prior criminal conviction is not a separate, additional sentence imposed for the earlier offense and does not violate the Double Jeopardy Clause, since the offender is not subjected to duplicate punishment for the earlier offense. *State v. Walton* (1990), 66 Ohio App.3d 243, 249, 583 N.E.2d 1106, 1109–1110.

■■■ The *Ex Post Facto* Clause prohibits the states from passing laws that inflict punishment upon a person for an act which was innocent when it was committed, aggravate a crime or make it greater than when it was committed, or change the punishment or inflict a greater punishment than was provided when the crime was committed. Section 10, Article I, United States Constitution; Section 28, Article II, Ohio Constitution.

■■■ "Statutes which enhance the penalty for repeat offenders based in part upon criminal conduct occurring prior to passage of the enhancement provision do not constitute *ex post facto* legislation. The enhancement provisions do not punish the past conduct; rather, the enhancement provisions merely increase the severity of a penalty imposed for criminal behavior that occurs after passage of the enhancement legislation." *State v. Sanders* (Sept. 29, 1995), Miami App. Nos. 95 CA 11 and 95 CA 12, unreported, 1995 WL 634371, citing *United States v. Ykema* (C.A.6, 1989), 887 F.2d 697, 700; *In re Allen* (1915), 91 Ohio St. 315, 323–324, 110 N.E. 535, 537–538.

■ We conclude that the enhanced penalty provisions found in R.C. 2929.14(D)(2)(b) do not violate the Double Jeopardy and *Ex Post Facto* Clauses. The Double Jeopardy Clause neither bars appellant's trial for a separate offense, namely aggravated arson, nor prohibits the trial court from sentencing appellant for his commission of that separate offense. The trial court's enhancement of the penalty imposed upon appellant for the current offense, based upon his prior Kentucky robbery convictions, does not violate the Double Jeopardy Clause because the sentence is imposed for the current crime and is not additional punishment for the previous Kentucky crimes. See *Walton*, 66 Ohio App.3d at 249, 583 N.E.2d at 1109–1110. Furthermore, R.C. 2929.14(D)(2)(b) merely increases the severity of the punishment imposed for appellant's current offense based upon his past convictions and does not constitute an *ex post facto* law. See *Allen*, 91 Ohio St. at 323–324, 110 N.E. at 537–538. "All convicted felons face the possibility that their past acts will have future consequences." *State v. Lyttle* (Dec. 22, 1997), Butler CA97–03–060, unreported, at 27, 1997 WL 786216, citing *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 282, 525 N.E.2d 805, 808. Appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant contends that the trial court erred by allowing testimony regarding other acts to be admitted into evidence. Appellant argues that in a criminal prosecution, it is improper to allow testimony regarding prior wrongs or acts committed by the defendant in order to show action in conformity with those other wrongs or acts.

Evid.R. 404(B) provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

■ Threats made by an accused can constitute verbal acts in terms of Evid.R. 404(B). *State v. Kuhn* (Aug. 23, 1993), Clermont App. No. CA93–01–007, unreported, 1993 WL 319633. For admissibility purposes, other acts evidence is subject to the relevancy requirements found in Evid.R. 403. *State v. Soke* (1995), 105 Ohio App.3d 226, 249, 663 N.E.2d 986, 1001.

■ During the trial, Barbara Boyce, Tarbox's next-door neighbor, testified as to threats she had previously heard appellant make with regard to the burning of Tarbox's home. Boyce testified as follows:

"Q. [Prosecutor]: Ma'am, have you ever previously heard Dillon Sargent threaten Helen Tarbox in any particular way?

"A. [Boyce]: Yes.

"* * *

"Q. Ma'am, specifically do you remember what that threat was?

"A. Saying he was going to burn her house down.

"Q. O.K. And is that something that you had heard on one occasion or—

"A. A few occasions.

"Q. And those were statements that were made by Dillon Sargent to Helen Tarbox?

"A. Made to—Well, he was friends with my husband and I've heard him say it around my husband.

"* * *

"Q. Ma'am, when in reference to the day of the fire had you heard these threatening comments made by Dillon Sargent?

"A. It was about a couple of months before that because he was not supposed to be over there.

"* * *

"Q. O.K. Did you hear them all at one time or was it over a period of time?

"A. It was over a period of time."

We find that the trial court properly admitted Boyce's testimony pursuant to Evid.R. 404(B). The testimony as to appellant's prior threats to burn Tarbox's home was directly related to proof of motive, intent, preparation, plan, knowledge, identity, and absence of accident as allowable under Evid.R. 404(B). Boyce's testimony indicates that appellant's statements consisting of threats to burn Tarbox's home were specifically directed toward Tarbox and occurred only a few months prior to the fire at Tarbox's residence. Because appellant's statements were close in time to the fire and reflected the type of knowledgeable conduct with which appellant was charged, the trial court could have reasonably concluded that the statements were admissible pursuant to Evid.R. 404(B). Appellant's statements were also probative of whether the fire was accidental. Accordingly, appellant's fourth assignment of error is overruled.

*Judgment affirmed.*

WALSH and POWELL, JJ., concur.