This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the record from the Rocky River Municipal Court and the briefs.
Defendant-appellant David Hager appeals the denial of his motion to suppress his stop and arrest stemming from an automobile stop conducted by a police officer employed by plaintiff-appellee City of Fairview Park.
On December 4, 1997, at 12:45 a.m., a patrol officer observed a blue Ford heading west on Lorain Road. The officer observed the license plate and driver of the vehicle. As the vehicle passed him, the officer ran its registration which gave a general description of the owner as being a white male about six feet and 170 pounds, with blond hair and blue eyes and also revealed the owner's driver's license was under suspension. In addition, the officer was informed the listed owner was required to have an ignition interlock device on his car.
The description the officer received generally matched that of the driver of the car so the officer activated his overhead lights and pulled the car over. The officer proceeded to issue citations to the driver for driving under suspension and driving without an ignition interlock device.
Initially, defendant filed a motion to suppress based on an illegal stop and arrest. An evidentiary hearing was held and the trial court denied defendant's motion to suppress. Subsequently, defendant pleaded no contest to driving under suspension and not having the required ignition interlock device. Defendant was then fined and sentenced to sixty days in jail.
Defendant timely filed his notice of appeal and presents a single assignment of error which states as follows:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS.
Defendant argues his stop and arrest was illegal because the officer erred by making a random license plate check through the use of a state computer. Defendant maintains courts have required objective proof of a moving or equipment violation before a stop will be justified. State v. Chatton (1984),11 Ohio St.3d 69; State v. Harris (1987), 36 Ohio App.3d 106; andState v. Shiley (1991), 74 Ohio App.3d 224. In the present case, officer did not testify he observed any moving or equipment violation and therefore defendant complains there was no justification for the stop.
The cases cited by defendant are inapplicable to the facts of the present case. Chatton, supra, involved an illegal detainment of a driver who was stopped for driving with no license plates though it was later discovered there were temporary tags. In Shiley, supra, the court reversed a trial court's granting of a motion to suppress and held an officer had reasonable and articulable facts for a detention based on defective equipment. The court also held evidence of suspended license discovered during subsequent operator's license check was admissible even though equipment was later determined to be not defective. Lastly, in Harris, supra, the court held police officers who stop a defendant's vehicle for a traffic violation may conduct a limited weapons search of the defendant's vehicle, provided the circumstances justify such a search.
It is well established that an officer may run a check on automobile license plates and subsequently stop the automobile where the description of the driver matches the description given by the check and the check reveals the driver is driving with a suspended license. State v. Epling (1995), 105 Ohio App.3d 663, State v. Owens (1991), 75 Ohio App.3d 523, State v.Pierce (May 25, 1995), Cuyahoga App. No. 66853-66855, unreported.
Based on the facts of the present case and the above cited case law, we find the license plate check conducted by the officer and subsequent stop were not illegal as violative of the Fourth Amendment. As a result, the trial court did not err in denying defendant's motion to suppress. Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _______________________________ TERRENCE O'DONNELL, JUDGE
 _______________________________ JOHN T. PATTON, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).