DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a jury trial, wherein defendant-appellant, Jason M. Whitt, was found guilty of aggravated robbery with a gun specification and robbery.[1]
The following facts are relevant to this appeal. On August 13, 1999, an indictment was filed on one count of aggravated robbery with a gun specification, a violation of R.C. 2911.01(A)(1) and R.C. 2941.145 and one count of robbery, a violation of R.C. 2911.02(A)(2), against appellant. The indictment stems from the July 19, 1999 armed robbery of Marco's Pizza ("Marco's") on Starr Avenue in Oregon, Lucas County, Ohio. The case against appellant proceeded to a jury trial on February 2, 2000.
The undisputed facts are as follows. On July 19, 1999, shortly after 1:00 a.m., a group of Marco's employees congregated in the parking lot of the store after closing. A masked man approached with a gun and demanded money. Timothy Ivan, general manager at the Starr Avenue location, indicated that the nightly bank deposit had already been made. The man stated that he had been watching the store all night and that the deposit had not yet been made. Ivan relented, gave the money to another employee who, in turn, threw the money (which was in an envelope) on the ground.
The man picked up the envelope and requested the other deposit. Ivan insisted that they had only made one that night despite the fact that they usually make two. The man then turned around and ran.
Appellant was arrested on July 23, 1999, for his involvement in the robbery based, in large part, on the description of a tattoo on his left calf. Nicole Losek, a Marco's employee present on the night of the robbery, told police that the perpetrator had a tattoo on his left calf with the letters "TW." She indicated that there was a letter in front of the "T" but was unable to view it because it was shadowed by his other leg. Losek drew a picture of the tattoo consistent with its description and identified the tattoo from a photograph of appellant's leg. The police also had information that prior to the robbery appellant asked Marco's employee, Chrissi Hansen, several questions about the store operations. She also stated that after the robbery she overheard appellant expressing disappointment in the number of checks in the deposit.
On appeal, appellant raises the following assignments of error:
"ASSIGNMENT OF ERROR 1
 "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
"ASSIGNMENT OF ERROR 2
 "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL INTRODUCED EVIDENCE THAT DEFENDANT'S TATTOO(S) ARE GANG RELATED
"ASSIGNMENT OF ERROR 3
 "THE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF OTHER ACTS TO BE ADMITTED OVER THE DEFENSE COUNSEL'S OBJECTION WHICH DEPRIVED THE DEFENDANT/APPELLANT OF A FAIR TRIAL."
In his first assignment of error, appellant argues that his conviction was not supported by the manifest weight of the evidence. When an appellate court reverses a verdict as against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "disagrees with the fact finder's resolution of the conflicting testimony." State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In reviewing the entire record, an appellate court:
 "`weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case which the evidence weighs heavily against the conviction.'" Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175.
In his assigned error, appellant argues that the identification testimony of Nicole Losek was insufficient to implicate appellant as the perpetrator of the crime. Losek testified at trial that on the night of the robbery she was standing at the passenger side of Tim Ivan's vehicle talking to another Marco's employee, Jeremy Schmidlen. She stated that as the perpetrator approached he was "cocking" his gun. He was approximately three and one-half feet away from Losek.
Losek saw the letters "TW" tattooed on the perpetrator's inner left calf but was unable to make out the first letter due to the shadow caused by his other leg. Losek testified that the tattoo appeared homemade and was done in "Indian ink."
A few days after the robbery, the police asked Losek to draw a picture of the tattoo. The picture she drew matched the photograph of appellant's tattoo which Losek was shown after she rendered the drawing. Losek positively identified the tattoo in the photograph. She further testified that at the time of the robbery she focused on the tattoo because her parents told her if anything such as a robbery were to happen, to focus on a permanent identifying mark.
Chrissi Hansen, also a Marco's employee,[2] testified that after hearing about the robbery she called Losek because she thought that her brother and appellant may have been involved. She testified that appellant and her brother asked what time Marco's closed and where the deposits were made.
Hansen further testified that three or four days after the robbery she was at an apartment and overheard appellant say that there were too many checks in the deposit. She stated that once appellant saw her he stopped talking.
Based upon the foregoing and upon review of this case as a whole, we cannot say that the jury lost its way and created a manifest miscarriage of justice. Appellant's conviction was not against the manifest weight of the evidence. Accordingly, appellant's fist assignment of error is not well-taken.
Appellant next argues, in his second assignment of error, that his trial counsel was constitutionally ineffective when counsel introduced evidence that appellant's tattoo was gang related.
Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v.Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, following _Strickland.
In Ohio, a properly licensed attorney is presumed competent, and the burden is on the appellant to show counsel's ineffectiveness. State v.Lytle (1976), 48 Ohio St.2d 391, 397; State v. Hamblin (1988),37 Ohio St.3d 153, 155-156. Debatable trial tactics generally do not constitute ineffectiveness. State v. Phillips (1995), 74 Ohio St.3d 72,85, citing State v. Clayton (1980), 62 Ohio St.2d 45, 49.
Appellant argues that trial counsel erred by presenting the testimony of a tattoo artist because he testified that bikers, prisoners and "gang bangers" commonly have "FTW" tattoos. However, trial counsel also elicited that the witness has observed approximately five hundred "FTW" tattoos and has seen "at least 30 or 40 of them done;" and that the "FTW" tattoo does not exclusively appear on "gang bangers," bikers and prisoners. Thus, while the testimony was not ideal, the purpose of the witness was to demonstrate the unreliability of the tattoo identification. After review of the witness's testimony, we are unable to say that trial counsel's performance fell below an objective standard of reasonableness. Accordingly, appellant's second assignment of error is not well-taken.
In appellant's third and final assignment of error he argues that the trial court erred when it permitted the testimony of other acts to be admitted over trial counsel's objection.
Specifically, appellant contends that Hansen's testimony regarding appellant's questioning of the Marco's closing procedures was impermissible because it did not meet any of the "other acts" exceptions under Evid.R. 404(B) or R.C. 2945.59.
Evid.R. 404(B) provides:
 "Other crimes, wrongs or acts. Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
The above quoted rule and R.C. 2945.59 generally contemplate the admissibility of other criminal acts to show motive, plan or intent in the act charged. However, assuming that they encompass the testimony of Hansen, such testimony is admissible. In State v. Sargent (1998),126 Ohio App.3d 557, the court found that in an arson trial, the defendant's prior threats to burn the victim's home was admissible to show "motive, intent, preparation, plan, knowledge, identity, and absence of accident." Id. at 568. Similarly, in State v. Patton (1991),74 Ohio App.3d 224, during a rape trial the court admitted witness testimony regarding salacious comments and remarks made by the defendant prior to the attack. Id. at 229.
Certainly, in the instant case, the admission of testimony that appellant questioned Hansen regarding Marco's closing procedures is relevant to show intent, preparation or plan. It is also relevant to the identity of the perpetrator in that the perpetrator had particularized knowledge of the closing procedures. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., JUDGE
Mark L. Pietrykowski, J., George M. Glasser, J., JUDGE, CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] The jury found appellant guilty of both counts of the indictment. The counts were merged for purposes of sentencing.
[2] At the time of the robbery Hansen worked at the Main Street, Toledo, Ohio, Marco's location. She had previously worked at the Starr Avenue location.