[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal of a decision of the Butler County Court of Common Pleas, denying a Crim.R. 33 motion for a new trial filed by defendant-appellant, Dillon Sargent.[1]
Sargent was convicted of aggravated arson and felonious assault in 1997. He was sentenced as a repeat violent offender to concurrent prison terms of twenty and eighteen years on the charges. His conviction was affirmed on appeal. See State v. Sargent (1998), 126 Ohio App.3d 557.
On February 2, 2001, Sargent filed a Crim.R. 33 motion for a new trial based on newly discovered evidence. Sargent alleged that two of the witnesses who testified against him at trial had recanted their testimony. In support of this contention, he offered two handwritten statements which purported to be affidavits signed by the witnesses, Charles Eads and Richard Barker. Each statement asserts, in nearly identical terms, that Eads and Barker gave false testimony at Sargent's trial and that they conspired with the Butler County assistant prosecutor to "give the impression that Dillon Sargent committed the crimes for which he was charged[.]" In an entry filed February 15, 2001, the trial court denied the motion.
Sargent appeals, raising a single assignment of error:
 THE TRIAL COURT'S SUMMARY DISMISSAL OF A MOTION FOR NEW TRIAL DENIED APPELLANT OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS.
 In his assignment of error, Sargent contends that the trial court erred by not making specific findings of fact related to the issues raised in his motion.
The assignment of error is overruled as Crim.R. 33 does not require that the trial court issue findings of fact and conclusions of law or an opinion when denying a motion for a new trial. State ex. rel. Collins v.Pokorny (1999), 86 Ohio St.3d 70; State v. Girts (1997),121 Ohio App.3d 539, 565. The trial court filed an entry denying Sargent's request for a new trial. This entry fulfilled the trial court's duty with respect to the motion. Pokorny at 70.
Upon consideration of the foregoing, the trial court's judgment is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 ___________________________________ William W. Young, Presiding Judge
James E. Walsh, Judge, Stephen W. Powell, Judge
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.