OPINION
Defendant-appellant, Dillon E. Sargent, appeals a decision of the Butler County Court of Common Pleas, dismissing his petition for postconviction relief without an evidentiary hearing. We affirm the decision of the trial court.
On May 18, 1997, appellant was convicted of aggravated arson and felonious assault, for intentionally setting fire to the home of his former girlfriend, while she was in the home. Appellant was found to be a repeat violent offender pursuant to R.C. 2941.149 and sentenced to concurrent prison terms of 20 and 18 years. His convictions were affirmed on appeal. See State v. Sargent (1998), 126 Ohio App.3d 557. Appellant subsequently filed a motion for a new trial. The motion was denied and this court affirmed the denial. See State v. Sargent (Sept. 10, 2001), Butler App. No. CA2001-04-082.
On August 14, 2001, appellant filed a petition for post conviction relief. Appellant alleged prosecutorial misconduct for the use of allegedly perjured testimony with respect to documents proving his prior felony conviction, and that he was denied the right to a jury determination of his repeat violent offender specification. The trial court dismissed the petition as untimely filed. Appellant appeals, raising a single assignment of error for our review:
 "APPELLANT WAS DENIED DUE PROCESS BY THE TRIAL-COURT'S DENIAL OF HIS DELAYED APPLICATION FOR POST-CONVICTION RELIEF WHERE HIS CLAIMS SATISFIED R.C. 2953.23(A)."
Appellant does not dispute that his petition for postconviction relief, filed more than three years after his conviction, is untimely pursuant to R.C. 2953.21(A)(2).[1] However, he contends that the trial court has jurisdiction to consider his delayed petition under R.C. 2953.23.
R.C. 2953.23 makes a limited exception for review of a petition for postconviction relief that is not timely filed. Pursuant to this statute, the trial court may not entertain petitions filed after the 180-day time limit in R.C. 2953.21(A), unless certain conditions are met. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has since recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1). Second, the petitioner must also show by clear and convincing evidence that, but for the constitutional error, a reasonable fact finder would not have found him guilty. R.C. 2953.23(A)(2). A trial court does not have jurisdiction to entertain an untimely filed petition for postconviction relief that does not meet the requirements set forth by R.C. 2953.23(A)(1) and (2). See State v. Hill (1998), 129 Ohio App.3d 658,661; State v. Nelson (Nov. 1, 1999), Clermont App. No. CA99-04-037.
In his petition, appellant asserts that Middletown Fire Marshall, Timothy Payne, gave false testimony at his trial. He alleges that the prosecuting attorney knew that the testimony was perjured but did not divulge this to appellant.
Payne, as a matter of routine in his investigation of arson suspects, investigated appellant's criminal history. In the course of his investigation, he discovered that appellant had been convicted of robbery in Kentucky. He contacted the Kentucky State Police to request documents related to this conviction. At appellant's repeat violent offender hearing, Payne testified concerning the police reports and indictments that he received from the Kentucky State Police. Payne stated that he had reviewed certified copies of the indictments and police reports. The trial court found that Payne's testimony provided authentication for the documents and admitted them into evidence as ancient documents. This court affirmed the trial court's evidentiary ruling. See Sargent,126 Ohio App.3d at 565. On appeal, this court recognized that the records were in fact produced at the hearing, but that the original exhibits were subsequently misplaced or lost. However, copies of the records were substituted on appeal. Id.
The allegation of perjury is based on the fact that appellant, in 1998, was unable to obtain certified copies of the Kentucky records which Payne authenticated. He concludes that Payne would have been unable to obtain these same records in 1997, and thus his testimony at the repeat violent offender hearing regarding these documents was false. However, as found by this court in appellant's earlier appeal, these records were produced at trial, subsequently lost, and accurate copies later substituted. Id. Consequently, we find appellant's allegation of perjury, and his contention that he was unavoidably detained from discovering these facts, to be without merit.
Appellant further contends that a new federal right has been recognized by the Supreme Court, namely, the right to a jury determination of the repeat violent offender specification. In support of his argument, appellant directs our attention to Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348. We find this contention, too, to be without merit. In Apprendi, the U.S. Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490,120 S.Ct. at 2362-2363. Thus, Apprendi has no application to the determination that appellant is a repeat violent offender, as the designation is based on appellant's prior conviction for a violent offense.
Appellant fails to demonstrate that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has since recognized a new federal or state right that applies retroactively to him. Because appellant has failed to demonstrate the requisite criteria of R.C. 2953.23, he is bound by the 180-day limit found in R.C. 2935.21(A)(2). The trial court was not permitted to entertain his petition which was filed well after the time limit had elapsed. The petition was appropriately denied. The assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.
[1] R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 180 days after the filing of the transcript on direct appeal. As noted by the trial court, the latest date appellant could have timely filed his petition for postconviction relief was Monday, January 5, 1998. Appellant did not file the petition until August 14, 2001.