[Cite as *State v. Savors*, 197 Ohio App.3d 61, 2012-Ohio-1297.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | |
| v. | ) | CASE NO. 09-CO-32 |
| | ) | |
| SAVORS, | ) | OPINION |
| | ) | |
| APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 08CR210

JUDGMENT:    Modified and Remanded

APPEARANCES:

For appellee    Robert Herron, Columbiana County Prosecuting Attorney, And Timothy J. McNicol, Assistant Prosecuting Attorney

For appellant    Douglas King and Kristopher A. Haines Assistant State Public Defender.

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 14, 2012

DONOFRIO, Judge.

{¶ 1} Defendant-appellant, Randy Savors, appeals from a Columbiana County Common Pleas Court judgment convicting him of failure to notify the sheriff of a change of address, following a jury trial. This appeal is pursuant to this court's order allowing appellant to reopen his appeal.

{¶ 2} In 1997, appellant pleaded guilty to a first-degree felony rape charge, and the trial court sentenced him to ten years in prison. The court also classified him as a sexual predator. Appellant was released on parole on March 3, 2007, and came under the supervision of parole officer John Granger.

{¶ 3} In 2008, pursuant to a change in the sexual-offender laws, appellant was reclassified as a Tier III offender.

{¶ 4} Appellant was required to report in person to Sergeant Dan Bradley of the Columbiana County Sheriff's Department every 90 days to sign a "Notice of Registration Duties" form and to verify, among other things, his current address. Moreover, as a Tier III offender, whenever appellant plans to move, he is required to notify the sheriff's office at least 20 days in advance of changing his address.

{¶ 5} After his release from prison, appellant briefly lived with his father on Dyke Road. Then he moved to his grandmother's house on South Meadowbrook Circle. After that, appellant gained employment and moved into a residence on Depot Street. Up to that point, appellant had followed the moving procedure "perfectly," according to his parole officer.

{¶ 6} On May 22, 2008, during his 90-day registration meeting with Sgt. Bradley, appellant listed his address as Depot Street. Appellant also gave that same Depot Street address to Granger during their meeting on June 10, 2008.

{¶ 7} Appellant moved from the Depot Street property on June 22, 2008. From there, he moved back to his grandmother's house. Appellant failed to advise Granger or Bradley of this move.

{¶ 8} Meanwhile, on June 30, after appellant had already moved in with his grandmother on Meadowbrook Circle, Granger made an unannounced visit to

appellant's registered Depot Street address. Granger noticed that the outside of the house looked dramatically different. Finding no one home, Granger left his card with a note directing appellant to call him as soon as possible.

{¶ 9} Granger subsequently generated a whereabouts-unknown report. Bradley was also informed. On July 3, Bradley signed a criminal complaint against appellant alleging that he had changed his address without notifying the sheriff's office. Bradley's charge was file-stamped on July 8, 2008.

{¶ 10} On July 7, Granger arrested appellant at his grandmother's house and transported him to jail. The arrest was for an alleged parole violation stemming from appellant's failure to notify and not for the charge brought by Bradley.

{¶ 11} Later on July 7, while appellant was at the Columbiana County jail and before he was booked, Bradley brought appellant to his office in order to update appellant's Tier III registration by getting the correct address. During that conversation, appellant informed Bradley that he had moved, and he gave the new address on Meadowbrook Circle. Bradley testified that appellant said he knew that he should have contacted the sheriff's office, but he just did not do it.

{¶ 12} A Columbiana County grand jury subsequently indicted appellant on one count of failure to notify, a first-degree felony in violation of R.C. 2950.05(A).

{¶ 13} On September 29, 2009, the case proceeded to a jury trial. The jury found appellant guilty as charged. The trial court then sentenced appellant to seven years in prison, to be followed by five years of parole.

{¶ 14} Appellant appealed from his conviction raising three assignments of error. We affirmed his conviction. *State v. Savors*, 7th Dist. No. 09-CO-32, 2010-Ohio-6084, 2010 WL 5109988.

{¶ 15} Appellant later filed an application to reopen his appeal, alleging that his appellate counsel was ineffective for failing to raise an assignment of error dealing with his seven-year prison term for violating the statutes imposing certain restrictions on him as a Tier III sex offender. We granted his application. We

instructed appellant that he was permitted to raise the assignment of error he raised in his application to reopen.

{¶ 16} When a court grants an application to reopen, "the case shall proceed as on an initial appeal * * * except that the court may limit its review to those assignments of error and arguments not previously considered." App.R. 26(B)(7). "If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment." App.R. 26(B)(9).

{¶ 17} Appellant now raises two assignments of error, the first of which states:

{¶ 18} "The trial court committed reversible error when it entered a judgment of conviction and sentenced Mr. Savors to a seven-year prison term for violating the statutes imposing certain restrictions on Mr. Savors as a Tier III sex offender, in violation of Mr. Savors's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution."

{¶ 19} In 1997, appellant was convicted of rape and sentenced to ten years in prison. He was classified as a sexual predator under Megan's Law. To comply with Megan's Law, appellant was required to verify his address every 90 days. Former R.C. 2950.06(B)(1). Additionally, appellant was required to report a change of address prior to moving. Former R.C. 2950.05. Failure to comply with these reporting requirements was a third-degree felony when the underlying sexually oriented offense was a first-degree felony. Former R.C. 2950.99(A)(1)(a)(i).

{¶ 20} As of January 1, 2008, the General Assembly repealed Megan's Law and replaced it with the Adam Walsh Act ("AWA"). Pursuant to the AWA, appellant was reclassified as a Tier III sex offender. As a Tier III sex offender, appellant was still required to verify his address every 90 days and to report a change of address prior to moving. R.C. 2950.06(B)(3); R.C. 2950.05. Failure to comply with these reporting requirements correlates with the degree of the sexually oriented offense

that is the basis for the registration. R.C. 2950.99(A)(1)(a)(ii). Thus, in this case because the sexually oriented offense that is the basis for appellant's registration was a first-degree felony, his failure to comply with the reporting requirement would likewise be a first-degree felony.

**{¶ 21}** On June 3, 2010, during the pendency of appellant's appeal, the Ohio Supreme Court issued *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. *Bodyke* held that the AWA's reclassification provisions, R.C. 2950.031 and 2950.032, were unconstitutional and severed them from the AWA. Id. at paragraphs two and three of the syllabus. *Bodyke* went on to instruct what this meant for offenders like appellant who had originally been classified under Megan's Law and were then reclassified under the AWA:

**{¶ 22}** "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id. at ¶ 66.

**{¶ 23}** The Ohio Supreme Court recently elaborated on what is to happen to these offenders in *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481. Gingell was convicted of rape in 1981 and was classified as a sexually oriented offender under Megan's Law in 2003. To comply with Megan's Law, Gingell was required to report once a year for ten years. A failure to register under this requirement was a fifth-degree felony. Once the AWA was enacted, Gingell was reclassified as a Tier III sexual offender. Under the AWA, Gingell was required to report every 90 days for the rest of his life. Because the failure to register was now the same degree crime as the underlying offense, in Gingell's case, failure to register was a first-degree felony.

**{¶ 24}** Gingell was indicted on and pleaded guilty to a charge of failure to verify his address. The trial court sentenced him to eight years in prison.

**{¶ 25}** Gingell appealed, arguing that the court had erred in retroactively applying R.C. 2950.99, which made his violation of R.C. 2950.06 a first-degree felony. He further contended that if the court had applied the version of R.C. 2950.99

in place at the time of his original classification, it would have made his failure to verify his address a fifth-degree felony. The court of appeals held that there was no retroactive application, because Gingell's failure to verify occurred after the enactment of the AWA.

{¶ 26} In the meantime, the Ohio Supreme Court decided *Bodyke*. Then, in reversing Gingell's conviction, the Ohio Supreme Court stated:

{¶ 27} "[P]ursuant to *Bodyke*, Gingell's original classification under Megan's Law and the associated community-notification and registration order were reinstated. Therefore, the current version of R.C. 2950.06, which requires Tier III sexual offenders to register every 90 days, does not apply to Gingell. Since Gingell was charged after his reclassification and before *Bodyke*, there is no doubt that he was indicted for a first-degree felony for a violation of the reporting requirements under the AWA. Because the application of the AWA was based upon an unlawful reclassification, we reverse the judgment of the court of appeals and vacate Gingell's conviction for a violation of the 90-day address-verification requirement of R.C. 2950.06. Gingell remained accountable for the yearly reporting requirement under Megan's Law; whether he met that requirement is not a part of this case." *Gingell*, 128 Ohio St. 3d 444, 2011-Ohio-1481 ¶ 8.

{¶ 28} Since *Bodyke*, the Ohio Attorney General has reinstated appellant's pre-AWA classification.

{¶ 29} Appellant now argues that because his reclassification to a Tier III sex offender was unconstitutional, his Tier III status could not serve as the predicate for the crime of failure to notify. For support, appellant cites the similar judgments in *Gingell* and in opinions by our sister courts of appeals. See *State v. Lloyd*, 5th Dist. No. 09-CA-12, 2010-Ohio-6562, 2010 WL 5621327; *State v. Jones*, 8th Dist. No. 93822, 2010-Ohio-5004, 2010 WL 4018739; *State v. Godfrey*, 9th Dist. No. 25187, 2010-Ohio-6454, 2010 WL 5549041. He notes that only the Second District has ruled to the contrary. See *State v. Milby*, 2d Dist. No. 23798, 2010-Ohio-6344, 2010 WL 5480656.

{¶ 30} Appellant goes on to point out that under the Megan's Law version of R.C. 2950.99, if he failed to comply with change-of-address reporting requirements, he would have been charged with a third-degree felony, which carries a maximum penalty of five years. But under the AWA's version of R.C. 2950.99, he was charged with and convicted of a first-degree felony, which carries a maximum penalty of ten years. The trial court sentenced him to seven years for the first-degree felony. Appellant argues that pursuant to *Bodyke*, the most severe penalty he should have faced was five years.

{¶ 31} The Ohio Supreme Court recently elaborated on *Bodyke*. In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 21, the court, in finding that the AWA could not be retroactively applied, held:

{¶ 32} "When we consider all the changes enacted by S.B. 10 in aggregate, we conclude that imposing the current registration requirements on a sex offender whose crime was committed prior to the enactment of S.B. 10 is punitive. Accordingly, we conclude that S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws."

{¶ 33} Thus, it is clear that in this case, appellant's Tier III classification could not serve as the basis for his failure-to-notify conviction.

{¶ 34} But appellant was still subject to the reporting requirements under Megan's Law and his classification as a sexual predator. Under these requirements, appellant was to report to the sheriff a change in address *prior to* moving. The evidence at trial was uncontroverted that he failed to comply with this requirement.

{¶ 35} In *State v. Stoker*, 5th Dist. No. 2010-CA-00331, 2011-Ohio-3934, 2011 WL 3452247, the court found:

{¶ 36} "Under the law in effect in 2003 when appellant was originally convicted, appellant was required to provide notice of an address change at least twenty days prior to changing his residence address during the period during which appellant is required to register. R.C. 2950.05(A). This twenty day requirement did

not change with the enactment of Senate Bill 10. Therefore, because appellant had an ongoing duty to notify the sheriff of any change of his registered address, neither Senate Bill 10 nor *Bodyke* changed this requirement or his duty."

{¶ 37} Such is the case here. Under either version of the statute, appellant's requirement to report a change of address was the same. What changed, however, was the degree of felony for failing to register. Under appellant's classification as a sexual predator, his failure to notify the sheriff of a change of address was a third-degree felony. Under his classification as a Tier III offender, his failure to notify was a first-degree felony. This enhanced appellant's potential punishment from a maximum of five years in prison to a maximum of ten years in prison.

{¶ 38} Based on the foregoing, we must modify appellant's first-degree-felony conviction to a third-degree-felony conviction and remand the matter for resentencing as a third-degree felony. Accordingly, appellant's first assignment of error has merit.

{¶ 39} Appellant's second assignment of error states:

{¶ 40} "By failing to challenge the trial court's erroneous entry of a judgment of conviction against Mr. Savors for failure to provide notice of change of address, and sentencing of Mr. Savors to a seven-year term of incarceration, original appellate counsel provided Mr. Savors with ineffective assistance, in violation of the Fourteenth Amendment to the United States Constitution."

{¶ 41} Appellant asserts that at the time his direct appeal was pending with this court, *Bodyke* was pending with the Ohio Supreme Court. He contends that his counsel was ineffective for failing to raise the issues addressed in *Bodyke*.

{¶ 42} As we found in our judgment entry granting appellant's application to reopen his appeal, appellant's counsel was deficient for failing to raise the *Bodyke* issue. As shown by the merit of appellant's first assignment of error, appellant was prejudiced by the deficiency. Accordingly, appellant's second assignment of error has merit.

{¶ 43} For the reasons stated above, our prior judgment affirming appellant's conviction is hereby vacated. Appellant's conviction for failure to notify is hereby

modified from a first-degree felony to a third-degree felony. The matter is remanded to the trial court for resentencing on the third-degree felony.

Judgment accordingly.


WAITE, P.J., and DeGENARO, J., concur.

_____