[Cite as *State v. Philbeck*, 2012-Ohio-3723.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellant           :       C.A. CASE NO. 24903

vs.                                    :       T.C. CASE NO. 11CR2715

ROBERT A. PHILBECK                     :       (Criminal Appeal from
                                                Common Pleas Court)

     Defendant-Appellee            :

. . . . . . . . .

**O P I N I O N**

Rendered on the 17th day of August, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No. 0067685, P.O. Box 972, Dayton, OH 45422    Attorneys for Plaintiff-Appellant

Tina McFall, Asst. Public Defender , Atty. Reg. No. 0082586, 117 South Main Street, Suite 400, Dayton, OH 45422
      Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal is brought by the State pursuant to R.C. 2945.67(A) and 2953.08(B). The State asks us to reconsider our holding in *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344. We decline to reconsider *Milby*, and will affirm the judgment of the trial court.

{¶ 2} The facts of the present case relevant to the error the State assigns are essentially the same as those in *Milby* and subsequent decisions in which we followed *Milby*.

*See, e.g., State v. Pritchett*, 2d Dist. Montgomery No. 24183, 2011-Ohio-5978, *State v. Kimbrough*, 2d Dist. Montgomery No. 24746, 2012-Ohio-1773, *State v. Muldrew*, 2d Dist. Montgomery No. 24721, 2012-Ohio-1573.

**{¶ 3}** On January 8, 2002, Defendant was convicted of unlawful sexual conduct with a minor, a felony of the fourth degree, in Montgomery County Common Pleas Court Case Number 2001-CR-3285, for an offense that occurred on September 18, 2001. Defendant was sentenced to fourteen months in prison and classified by the trial court as a habitual sex offender, requiring sex offender registration every 180 days for 20 years upon his release from prison, pursuant to Megan's Law.

**{¶ 4}** On January 1, 2008, Ohio's version of the Adam Walsh Act (S.B. 10 and S.B. 97) went into effect. S.B. 10 implemented a Tier structure, whereby an offender is classified into a Tier based solely upon his conviction for a sex offense. S.B. 97 increased the penalties for which offenders would be subject if they failed to comply with their registration requirements.

**{¶ 5}** Shortly after the passage of the Adam Walsh Act, Defendant was reclassified as a Tier II sex offender. Tier II offenders must register for twenty-five years and periodically verify their registration every 180 days. R.C. 2950.05(B)(2); 2950.06(B)(2).

**{¶ 6}** Between the dates of July 6, 2011 and August 8, 2011, Defendant failed to notify the sheriff of a change of address. Defendant was charged by indictment with failure to notify, a felony of the third degree, in violation of R.C. 2950.05 (A) and (F). On October 20, 2011, Defendant pled guilty to the offense as charged in the indictment. At the time Defendant committed his offense, the current version of R.C. 2950.99 provided that his

offense required a mandatory three-year prison sentence due to his prior conviction. The trial court, however, did not apply the current version of R.C. 2950.99, but instead applied the version of the statute that existed under Megan's Law before the Adam Walsh Act was enacted. Therefore, instead of a mandatory three-year prison sentence, Defendant was sentenced to community control sanctions not to exceed five years. The State appealed from the judgment of conviction and sentence.

{¶ 7} Assignment of Error:

{¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SENTENCED PHILBECK TO COMMUNITY CONTROL SANCTIONS BECAUSE THE SENTENCING STATUTE IN EFFECT AT THE TIME HE COMMITTED HIS OFFENSE REQUIRED A MANDATORY 3-YEAR PRISON SENTENCE."

{¶ 9} The State concedes that, per *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, Defendant's classification under Megan's Law as a sexual predator has been restored, and that as a result he is subject only to those registration and verification requirements that Megan's Law imposes on him. The State argues that, nevertheless, the penalties imposed for an Adam Walsh Act violation by R.C. 2950.99 yet apply, because Defendant's offense occurred after the Adam Walsh Act became effective.

{¶ 10} We addressed and rejected the basis of the State's argument in *Pritchett*, one of the cases that applied and followed *Milby*. In *Pritchett*, we wrote at ¶ 26 and 28:

> Very recently, in *State v. Williams,* 129 Ohio St.3d 344, 952 N.E.2d 1108, 2011–Ohio–3374, the Supreme Court of Ohio held that the provision of 2007 Am.Sub. S.B. 10, which imposes greater penalties on sexual offenders,

such as Pritchett, for violations of notification and registration requirements than applied when they were convicted of their underlying sexual offense, violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution.

\* \* \*

Under Megan's law (which had been applied to Pritchett in 2005), Pritchett with the 2005 prior failure to notify conviction was subject to sentencing for a felony of the third degree. As a result of a subsequent amendment of the law, Pritchett was instead sentenced for a second degree felony offense. That amendment of the law is void, per *Williams*. The sentence the court imposed pursuant to that law is likewise void. It would be a manifest injustice to continue Pritchett's incarceration on a void sentence.

{¶ 11} What we said in *Pritchett* likewise applies in this case. Moreover, we note that the State appealed our decision in *Milby* to the Ohio Supreme Court, and by Entry filed on October 5, 2011, in Case No. 2011-0292, the Supreme Court declined to accept that decision for review.

{¶ 12} The trial court properly applied our holding in *Milby*, and correctly sentenced Defendant for a third degree felony offense based upon the penalty for a violation of R.C. 2950.06, failure to verify residence address, in effect under Megan's Law. *See* former R.C. 2950.99(A)(1)(a)(i).

{¶ 13} The assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J.,concurs.

Hall, J., concurring:

I concur with the result here, even though I have said that *Milby* was incorrectly decided, *see State v. Howard*, 195 Ohio App.3d 802, 2011-Ohio-5693, 961 N.E.2d 1196, ¶ 14-21 (2d Dist.) (Hall, J., concurring in part and dissenting in part). "*Milby* is part of the jurisprudence of this court, and stare decisis precludes simply ignoring it." *Id.* at ¶ 18.

**The districts are currently divided on this issue. The First, Fifth, and Twelfth Districts have held that the enhanced penalties in the current version of R.C. 2950.99 may be imposed for new offenses committed after the statute went into effect on January 1, 2008. *See State v. Freeman*, 1st Dist. Hamilton No. C-100389, 2011-Ohio-4357; *State v. Poling*, 5th Dist. Stark No. 2009-CA-00264, 2011-Ohio-3201; *State v. Topping*, 2012-Ohio-2259, 970 N.E.2d 1193 (12th Dist.). But this court and the Seventh and Eighth Districts have held that the penalties in the current version of R.C. 2950.99 may not be imposed on offenders who committed their underlying sexual-offender-classification offense before the statute's effective date. *See State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344; *State v. Savors*, 197 Ohio App.3d 61, 2012-Ohio-1297, 965 N.E.2d 1086 (7th Dist.); *State v. Grunden*, 8th Dist. Cuyahoga No. 95909, 2011-Ohio-3687. This split of authority can be resolved only by the Ohio Supreme Court.**

**Copies mailed to:**

**Johnna M. Shia, Esq.**
**Tima M. McFall, Esq.**
**Hon. Connie S. Price**