[Cite as *State v. Woolridge*, 2012-Ohio-4088.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellant                      :          C.A. CASE NO.     24924

v.                                                :          T.C. NO.     11CR3345

LARRY WOOLDRIDGE                         :          (Criminal appeal from
                                                             Common Pleas Court)
    Defendant-Appellee                    :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    7th    day of    September   , 2012.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

TINA M. McFALL, Atty. Reg. No. 0082586, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}**   Appellant, the State of Ohio, appeals the sentence of the Montgomery

County Court of Common Pleas of appellee, Larry Wooldridge, following his guilty plea to failure to notify the Montgomery County Sheriff of his change of address. At issue is whether the trial court erred in sentencing Wooldridge pursuant to the sentencing statute in effect at the time of his original sex offender classification, as opposed to the amended sentencing statute in effect at the time of his notification violation. Because we hold that the trial court did not err, we will affirm.

{¶ 2} On November 24, 1999, Wooldridge, who was then 47 years old, was convicted of one count of rape of a child under the age of 13, a felony of the first degree, and three counts of gross sexual imposition of three different children, each under the age of 13. *State v. Wooldridge*, Montgomery C.P. No. 1998 CR 2940. Wooldridge was sentenced to a total of ten years in prison. The trial court designated him as a sexual predator under Ohio's version of Megan's Law, which became effective in 1997.

{¶ 3} In 2006, the federal Adam Walsh Child Protection and Safety Act was enacted by Congress, which divided sex offenders into three tiers based solely on the type of sex offense committed. On January 1, 2008, Am.Sub.S.B. 10, which replaced Megan's Law with Ohio's version of the Adam Walsh Act ("AWA"), became effective. The AWA required the Ohio Attorney General to reclassify existing sex offenders based on the tier system and to notify them of the reclassification. Pursuant to the AWA, Wooldridge was reclassified as a Tier III sex offender.

{¶ 4} R.C. 2950.05 outlines a sex offender's registration and notification obligations. Under the version of R.C. 2950.05 in effect at the time of Wooldridge's original classification (as a sexual predator), he was required to register every 90 days for

life and to provide written notice to the sheriff of a change of address at least 20 days prior to changing his address. R.C. 2950.05, as amended by S.B. 10 in 2008, also required Wooldridge (as a Tier III offender), to register every 90 days for life and to provide written notice to the sheriff at least 20 days prior to changing his address.

{¶ 5} R.C. 2950.99 sets forth the penalties for a sex offender's failure to comply with his registration and notification obligations. Under the version of R.C. 2950.99 in effect at the time of Wooldridge's original classification in 1999, the penalty for failure to notify was a felony of the fifth degree. In 2004, pursuant to S.B. 5, the penalties for registration offenses were increased. For example, when the underlying sex offense was a first-degree felony, the registration offense was a third-degree felony. See former R.C. 2950.99. Current R.C. 2950.99, which was amended by S.B. 97 and also became effective on January 1, 2008, further increased the penalties for violations of the registration and notification requirements of R.C. 2950.05. Pursuant to R.C. 2950.99, a failure to notify is a felony of the first degree when the underlying sex offense is a first-degree felony, and requires a mandatory three-year term in prison if the offender were previously convicted of a registration or notification violation. R.C. 2950.99(A)(1)(a)(ii)(2)(B).

{¶ 6} Following his release from prison, on October 5, 2011, Wooldridge was indicted for failure to notify, *a felony of the first degree*, for failing to provide notice of his change of address to the Montgomery County Sheriff at least 20 days prior to that change, a requirement imposed on Wooldridge as a Tier III sex offender, as required by R.C. 2950.04 and 2950.041. On October 27, 2011, over the state's objection, the trial court accepted Wooldridge's guilty plea to failure to notify, *a felony of the fifth degree*, which was the

degree of his notification offense at the time of his original classification. The trial court accepted this reduced plea. On November 10, 2011, again, over the state's objection and pursuant to this court's decision in *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344, the trial court sentenced Wooldridge on the offense as a *fifth-degree felony* to community control sanctions not to exceed five years.

{¶ 7}   The state appeals the trial court's sentence, asserting the following for its sole assignment of error:

{¶ 8}   "The trial court erred as a matter of law when it sentenced Wooldridge to community control sanctions because the sentencing statute in effect at the time he committed his offense classified his offense as a felony of the first degree requiring a mandatory 3-year prison sentence."

{¶ 9}   In *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Supreme Court of Ohio struck down as unconstitutional the reclassification provisions in the AWA, *i.e.*, R.C. 2950.031 and 2950.032, which required the Attorney General to reclassify sex offenders pursuant to the tiered scheme. *Id.* at ¶ 60-61. The court severed those provisions from the AWA as violating the separation-of-powers doctrine, and held that they "may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." *Id.* at ¶ 66.

{¶ 10}   The state concedes that, pursuant to *Bodyke*, Wooldridge's reclassification as a Tier III sex offender and the community-notification and registration orders attending that reclassification may not be applied, and his original classification as a sexual predator and

the community-notification and registration orders pursuant to that classification are reinstated.

{¶ 11} The state asks us to "reconsider" our decision in *Milby* and to hold that because Wooldridge committed his notification violation after the January 1, 2008 effective date of current R.C. 2950.99, the trial court should have imposed the heightened felony classification and sentence authorized by that statute. However, because the state asserts the identical argument it presented in *Milby* and subsequent cases, which we fully considered and rejected, we will follow our precedent.

{¶ 12} In *Milby*, this court held that because the prohibition against failing to notify the sheriff of a change of address did not change when R.C. 2950.05 was amended by S.B. 10 in 2008, the defendant had an ongoing duty to notify that neither the amendment of that section nor *Bodyke* had changed. *Id*. at ¶ 31. As a result, this court held that Milby could be convicted of failure to notify based on the original classification to which he was reinstated. *Id*. However, this court further held that, because the related amendment of R.C. 2950.99(A)(1)(a) increased the violation from a felony of the third degree to a first-degree felony, Milby could not be convicted of the greater offense, and was entitled to a remand for resentencing as a third-degree felony. *Id*.

{¶ 13} This court applied *Milby* in *State v. Johnson*, 2d Dist. Montgomery No. 24029, 2011-Ohio-2069. Johnson had been designated a sexually oriented offender in 1994. His classification was changed to Tier III under AWA. In 2009, he was charged with a first-degree felony failure to provide notice of his change of address. Pursuant to *Milby*, this court held that, because the prohibited conduct in failing to give notice of the

new address did not change when R.C. 2950.05 was amended, the defendant's duty was not altered by the AWA. *Johnson* at ¶ 9. As a result, he could be convicted for failing to notify based on his prior sexual offender classification to which he was reinstated under *Bodyke*. *Id*. However, pursuant to *Milby*, because the related amendment of R.C. 2950.99(A)(1)(a)(i) changed the violation from a third-degree felony to a first-degree felony, of which the defendant was convicted, this court reversed and remanded for re-sentencing for a third-degree felony. *Id*.

{¶ 14} Likewise, in *State v. Alexander*, 2d Dist. Montgomery No. 24119, 2011-Ohio-4015, Alexander had been convicted of rape, a first-degree felony, and designated as a sexually oriented offender in 2004. He was reclassified under AWA in 2008 as a Tier III offender. He was charged with failing to notify the sheriff of his new address in 2010, a first-degree felony. This court stated, "[L]ike in *Johnson* [and *Milby*], appellant should have been found guilty of a third-degree felony and not a first-degree felony." *Id*. at ¶ 38.

{¶ 15} Similarly, in *State v. Alltop*, 2d Dist. Montgomery No. 24324, 2011-Ohio-5541, the defendant was classified as a sexual predator in 2006. This court applied *Milby* in holding that because the defendant's failure-to-notify offense was changed from a third-degree felony to a first-degree felony by S.B. 97, the penalty codified at R.C. 2950.99(A)(1)(a)(ii) for violation of the reporting requirements could not be applied. *Id*. at ¶ 15-16. Consequently, a remand for resentencing as a third-degree felony, which was the penalty in place when the defendant was originally classified as a sexual predator, was appropriate. *Id*. at ¶ 16.

{¶ 16} Finally, in *State v. Howard*, 195 Ohio App.3d 802, 2011-Ohio-5693, 961 N.E.2d 1196 (2d Dist.), *discretionary appeal allowed*, 131 Ohio St.3d 1472, 2012-Ohio-896, 962 N.E.2d 803, this court noted that, while Howard's duty to provide notice of a change of address had not changed, the amendment of R.C. 2950.99 changed the penalty for failure to notify from a felony of the fifth degree to a felony of the first degree, and subjected Howard to a mandatory term of incarceration. This court held that the fact that Howard committed his failure-to-notify offense *after* the effective date of S.B. 97, which changed the sentencing provisions for violations of R.C. 2950.05, did not affect the outcome. *Id*. at ¶ 12. Pursuant to *Milby*, this court held that the trial court erred when it convicted Howard of a first-degree felony and sentenced him accordingly, instead of finding him guilty of a fifth-degree felony. *Id*.

{¶ 17} Thus, based on *Milby*, as followed in *Johnson, Alexander, Alltop,* and *Howard*, when a failure-to-notify conviction is reversed and remanded for resentencing after an improper AWA reclassification, the penalty for the notification violation reverts to the penalty that was in place at the time of the defendant's original classification.

{¶ 18} We acknowledge that, following the Supreme Court's decision in *Bodyke*, a conflict exists among Ohio appellate districts that have considered the application of the penalties in current R.C. 2950.99 to sex offenders classified under Megan's Law. Our holdings are consistent with those of the Seventh and Eighth Districts. *State v. Savors*, 197 Ohio App.3d 61, 2012-Ohio-1297, 965 N.E.2d 1086 (7th Dist.); *State v. Smith*, 8th Dist. Cuyahoga Nos. 96582, 96622 & 96623, 2012-Ohio-261. However, our holdings are in conflict with the First, Fifth, and Twelfth Districts. *State v. Freeman*, 1st Dist. Hamilton No. C-100389, 2011-Ohio-4357; *State v. Bowling*, 1st Dist. Hamilton No. C-100323,

2011-Ohio-4946; *State v. Poling*, 5th Dist. Stark No. 2009-CA-00264, 2011-Ohio-3201; *State v. Topping*, 12th Dist. Warren No. CA2011-07-067, 2012-Ohio-2259. The decisions in conflict with ours generally hold that current R.C. 2950.99 is not applied retroactively to offenders classified under Megan's Law who fail to register or notify after the effective date of current R.C. 2950.99. This is because an offender who violates these duties is not being punished for the original sex offense for which he is required to register and notify, but, rather, is punished for violating his ongoing registration and notification duties. *E.g.*, *Topping* at ¶ 20.

{¶ 19} Pursuant to this court's precedent, we hold the trial court did not err in convicting Wooldridge of failure to notify because, under former law, he was required to provide notice of an address change at least 20 days prior to changing his address. *See* former R.C. 2950.05(A). Further, the trial court did not err in sentencing Wooldridge for a fifth-degree felony because, at the time of his original classification, that was the degree of felony attributed to a failure to notify the sheriff of his change of address.

{¶ 20} For the reasons stated in this opinion, the state's assignment of error is overruled, and the judgment of the Montgomery County Court of Common Pleas will be affirmed.

. . . . . . . . . .

FAIN, J., concurs.

RICE, J., dissenting:

{¶ 21} I must respectfully dissent. Wooldridge should have been sentenced as a first-degree felony offender because current R.C. 2950.99 does not violate the prohibition

against retroactive laws.

{¶ 22} The first-degree penalty for Wooldridge's violation of his duty to register, which arose from his past sex offense, is punishment for a violation of law committed after the enactment of the penalty enhancement provisions contained in R.C. 2950.99. His conviction for failure to register does not punish Wooldridge's past conduct but is a penalty imposed for a current violation of his duty to register.

{¶ 23} In 1999, Wooldridge was convicted of rape. At that time, he was classified as a sexual predator under Megan's Law. After the AWA became effective on January 1, 2008, he was reclassified as a Tier III sex offender. This appeal arises from Wooldridge's October 5, 2011 indictment for failure to notify the sheriff of a change of address.

{¶ 24} At the time of Wooldridge's rape conviction, pursuant to former R.C. 2950.99, failure to notify the sheriff of an address change was a fifth-degree felony. Pursuant to current R.C 2950.99, effective January 1, 2008, a failure-to-notify violation was elevated to a first-degree felony. After the effective date of current R.C. 2950.99, Wooldridge was indicted for failure to notify the sheriff of his change of address as a first-degree felony.

{¶ 25} The Supreme Court of Ohio in *Bodyke*, *supra*, struck down and severed the reclassification provisions of the AWA, R.C. 2950.031 and 2950.032, which required the attorney general to reclassify sex offenders who have already been classified by court order under former law. Those classifications had already been adjudicated by a court and requiring the executive branch to review past decisions of the judicial branch violated the separation-of-powers doctrine. Although the court in *Bodyke* reinstated the classifications

and registration orders imposed under Megan's Law, it did *not* vacate or sever the current sentencing statute, R.C. 2950.99. *Id*. at ¶ 66. Thus, the Supreme Court left the current penalty provisions intact. Because Wooldridge's classification and registration duties imposed under Megan's Law were reinstated, he is subject to the reporting requirements under that law. However, because the current penalty statute was not severed, I believe Wooldridge is subject to R.C. 2950.99's increased penalties.

{¶ 26} Unlike the majority, I do not believe that application of current R.C.2950.99 to Wooldridge violates the prohibition against retroactive laws. "A law is retroactive if it 'changes the legal consequences of acts completed before its effective date.'" *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), quoting *Weaver v. Graham*, 450 U.S. 24, 31, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). In contrast, a statute that does not change the legal consequences of acts completed before its effective date, but "simply mandates an enhanced penalty for acts committed after the effective date of the provision," is not retroactive. *State v. Clark*, 1st Dist. Hamilton No. C-910541, 1992 WL 188535, *1 (Aug. 5, 1992).

{¶ 27} Current R.C. 2950.99 did not change the legal consequences of Wooldridge's rape offense, which he committed before the statute's effective date. Rather, the statute simply imposed an enhanced penalty for registration violations committed *after* the effective date of the statute. The conduct which led to his present registration conviction took place long after current R.C. 2950.99 became effective. As a result, I do not believe the statute is a retroactive law.

{¶ 28} This conclusion finds support in *State v. Cook*, 83 Ohio St.3d 404, 700

N.E.2d 570 (1998). In *Cook*, the Supreme Court of Ohio considered the heightened penalty

for a registration violation imposed by Megan's Law in 1997. The court stated:

> Even prior to the promulgation of the current version of R.C. Chapter 2950,
>
> failure to register was a punishable offense. *See* former R.C. 2950.99, 130
>
> Ohio Laws 671. Thus, any such punishment flows from a failure to register,
>
> a new violation of the statute, not from a past sex offense. In other words,
>
> the punishment is not applied retroactively for an act that was committed
>
> previously, but for a violation of law committed subsequent to the enactment
>
> of the law.

*Cook* at 420-421.

{¶ 29} In *Clark*, the defendant challenged former R.C. 2929.11, which provided

that if an offender had previously been convicted of an aggravated felony, the minimum term

of incarceration for the current offense would be imposed as a term of actual incarceration.

The First District rejected the defendant's ex post facto argument. The court held the

statute was not retroactive because it did not change the legal consequences of acts

completed before the effective date, but, rather, simply mandated an enhanced penalty for

acts committed after the effective date of the statute where the defendant had previously

been convicted of a felony. *Id*. at *4.

{¶ 30} Likewise, in *State v. Sargent*, 126 Ohio App.3d 557, 710 N.E.2d 1170 (12th

Dist.1998), the defendant was convicted of aggravated arson. Based on a prior robbery

conviction, the trial court increased his sentence under former R.C. 2929.01(EE) as a repeat

violent offender. The defendant argued the statute was an ex post facto law. The Twelfth

District disagreed, holding that statutes which enhance the penalty for repeat offenders based in part upon criminal conduct occurring prior to passage of the enhancement statutes are not ex post facto laws. *Id*. at 566. The enhancement statutes do not punish the past conduct; instead, they merely increase the severity of a penalty imposed for criminal behavior that occurs after enactment of the enhancement legislation. *Id*.

**{¶ 31}** This court reached the same conclusion in *State v. Sanders*, 2d Dist. Miami Nos. 95 CA 11, 95 CA 12, 1995 WL 634371 (Sep. 29, 1995). There, the defendant pled no contest to OVI. As a recidivist offender, she was subject to a mandatory term of confinement. The trial court granted her motion to declare the mandatory sentencing statute unconstitutional. On appeal by the state, this court reversed, holding:

> The conduct which led to Sanders' [current] conviction for a violation
>
> of R.C. 4511.19 took place on March 17, 1994. According to the version of
>
> R.C. 4511.99(A) then in effect, which became effective on September 1,
>
> 1993, Sanders was subject to greater penalties * * * because she had been
>
> convicted of violations of R.C. 4511.19 twice before within five years. * * *
>
> Because these prior violations took place before the effective date of R.C.
>
> 4511.99(A), the trial court found that the penalty enhancement provisions of
>
> that statute violate the Constitutional prohibitions against ex post facto laws.
>
> Statutes which enhance the penalty for repeat offenders based in part
>
> upon criminal conduct occurring prior to passage of the enhancement
>
> provision do not constitute ex post facto legislation. The enhancement
>
> provisions do not punish the past conduct; rather, the enhancement provisions

merely increase the severity of a penalty imposed for criminal behavior that occurs after passage of the enhancement legislation. * * *

R.C. 4511.99(A) does not impose a punishment on Sanders for her past convictions. It merely increases the severity of the punishment imposed for her current offense because of those past convictions. It is not an ex post facto law.

*Sanders* at \*13.

{¶ 32}   I do not see a meaningful distinction between the analogous enhancement statutes, found to be constitutional by this court as well as the First, Eighth, and Twelfth Districts, and current R.C. 2950.99.  Although Wooldridge's duty to register flowed from his sex offense, his failure to notify the sheriff of his address change was a new offense that he committed after the effective date of current R.C. 2950.99. Thus, the penalty enhancement provisions do not punish Wooldridge's past conduct. Rather, they merely increase the severity of a penalty imposed for a current violation of his duty to register, which arose from his past sex offense.  For this reason, I do not believe current R.C. 2950.99 violates the prohibition against retroactive laws.

{¶ 33}   For the foregoing reasons, I respectfully dissent.

. . . . . . . . .

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Johnna M. Shia
Tina M. McFall
Hon. Steven K. Dankof